**COMMONWEALTH OF MASSACHUSETTS**
**TRIAL COURT**

CIVIL ACTION NO. <u>3:25-cv-30004</u>

_____

| | |
|---|---|
| YRVENS BAIN, )| |
|         Plaintiff, )| |
| )| |
| V. )| **COMPLAINT AND JURY DEMAND** |
| )| |
| UNITED STATES BUREAU )| |
| OF PRISONS )| |
| )| |
|        Defendants. )| |
| _____ )| |

**PARTIES**

1.    The Plaintiff is a citizen of Massachusetts and an adult resident of Middlesex County.

2.    The Defendant is an agency of the United States.

**JURISDICTION**

3.    All the actions described in this Complaint took place in Massachusetts.

4.    This court has original jurisdiction over the federal claims stated herein pursuant to 28 U.S.C. § 1331.

**VENUE**

5.    This court has venue over this matter pursuant to 28 U.S.C. § 1391(b)(2).

**STATEMENT OF FACTS**

6.    Mr. Bain was held in prison for 84 days after his release date.

1

7. For several years before his release, Mr. Bain had been asking the Federal Bureau of Prisons ("BOP") to arrange for his transportation to Middlesex Superior Court to clear up a non-appearance warrant that had issued when he was taken into federal custody.

8. The warrant prevented the application of good-time credits and his transfer to a low-security prison or camp.

9. Instead of arranging for his appearance in state court, the BOP informed Mr. Bain that the warrant was being "removed" from the federal system, so that he would receive good-time credits and be housed as if there were no warrant.

10. The BOP explained that, because of this accommodation, they would not be arranging for Mr. Bain to travel to Middlesex Superior Court to clear the warrant before his release date.

11. On May 17, 2022, Mr. Bain's sentence was reduced.

12. Based on his available good-time credits, he became immediately eligible for release.

13. However, he was not released.

14. On June 22, 2022, Mr. Bain notified officials at FCI Danbury that he was scheduled to be released forthwith based on his earned good time.

15. However, the BOP or agents re-introduced the Middlesex warrant into their records, thereby effectively eliminating his vested, earned good time.

16.    Mr. Bain explained the accommodation he had reached with the BOP – that good time be calculated without regard to his warrant because the BOP did not want to bring him to Middlesex Superior Court.

17.    He was told to wait until the computer system called "Sentry" could be updated to reflect the agreement and his vested credits.

18.    Between June 22 and July 13, Mr. Bain repeatedly communicated with his counselor and with the records department at FCI Danbury, but he was told to wait and there was nothing that could be done.

19.    Finally, on or about July 13, he was informed that his vested good-time credit would not be applied, instead he was being treated as if he were still in warrant status.

20.    On July 27, 2022, the Middlesex Superior court, having been informed of the conduct of the BOP with respect to Mr. Bain's incarceration, withdrew the warrant without Mr. Bain's appearance, making Mr. Bain immediately eligible for release.

21.    On July 28, 2022, the warrant recall notice was delivered to FCI Danbury.

22.    Mr. Bain still was not released.

23.    On August 4, 2022, Mr. Bain was informed that he could not be released until a computer system update was completed.

24.    Finally, on August 9, 2022, Mr. Bain was released.

25.    Mr. Bain presented these claims to the Bureau of Prison by United States mail at Northeast Regional Office, U.S. Custom House, 7th Floor, 200

Chestnut Street, Philadelphia, PA 19106 on February 1, 2024, less than two years after his overdetention began.

26.    Mr. Bain, through counsel, received notice of final denial of the claim by the Bureau of Prisons on July 16, 2024.

## CLAIMS OF ACTION

### FIRST CLAIM
### FEDERAL TORT CLAIMS ACT, 28 U.S.C. § 2674

27.    Mr. Bain asserts that his over-detention between May 22, 2022, and August 9, 2022, was an unlawful and tortious false imprisonment, resulting from negligence, recklessness, or intentional misconduct by employees of the federal government.


WHEREFORE the Plaintiff demands judgment to be entered against Defendant United State Bureau of Prisons, in an amount to be determined by a jury, plus fees, costs, and interest as allowed by law.

### JURY DEMAND

The Plaintiff demands a trial by jury of all claims so triable.

> Respectfully Submitted,
> Yrvens Bain,
> By Counsel
> */s/ Dana Goldblatt*
> Dana Goldblatt
> BBO #601022
> 150 Main Street, Suite 28
> Northampton, MA 01060
> P: 413-570-4136
> F: 888-393-0143
> E: dana@danagoldblattlaw.com